**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 26, 2011

William J. Nicoll, Esq.
Jenkins Block & Assocs., PC
1040 Park Blvd, Suite 206
Baltimore, MD 21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Patricia Falkenstein v. Michael J. Astrue, Commissioner of Social Security, PWG-10-433**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Falkenstein's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 9,14,23).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6. For the reasons that follow, this Court DENIES the Plaintiff's Motion and GRANTS the Commissioner's Motion.

Ms. Falkenstein ("Claimant") applied for DIB and SSI on April 17, 2006, alleging that she was disabled as of April 13, 2006, due to emphysema, strokes, fibromyalgia, bulging discs in her back, a tumor on her left adrenal gland, high blood pressure and cholesterol, sinus disease, depression, restless leg syndrome and chronic fatigue syndrome. (Tr. 70, 77 ,284).  Her claims were denied initially, and upon reconsideration. (Tr. 25-26).  After a hearing held before the Honorable Melvin Benitz ("ALJ") on September 11, 2009, the ALJ denied Ms. Falkenstein's claims and concluded in a decision dated October 15, 2009, that she retained the residual functional capacity ("RFC") to perform

a range of light work[1] and that she was not precluded from performing her past relevant work ("PRW") as a cashier as it is generally performed in the national economy.(Tr. 331). Accordingly, the ALJ found that she was not disabled. (Tr. 319-331). The Appeals Council denied Ms. Falkenstein's request for review, making her case ready for judicial review.

Claimant presents one primary argument in support of her contention that the Commissioner's final decision should be reversed or, in the alternative, remanded.  She argues that the ALJ erred at the fourth step of the sequential evaluation because the ALJ's finding that Claimant could perform PRW as a cashier was not supported by the vocational expert's ("VE") testimony.  The Commissioner argues that the ALJ's determination that Ms. Falkenstein was capable of performing her PRW as a cashier is substantially supported by, and consistent with, the vocational information and the VE's testimony.

After review of the record and the ALJ's decision, I am not persuaded by Claimant's argument.  Rather I find that the ALJ's findings about the requirements of her PRW --as performed in the economy--are consistent with the testimony and the vocational information.  SSR 82-62, in relevant part, provides:
> ...[D]etermination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; **and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles,**

---

[1] The ALJ found Ms. Falkenstein was limited to performing light work that is simple, routine, and unskilled. He found that she could only work with others 80% of the time, she could understand simple instructions, was mildly limited in pushing and pulling with the upper left extremity, and could perform no overhead reaching. He further found she had to stand 30-45 minutes and sit for 30-45 minutes, consistently, on an alternating basis, during an eight hour workday and that she had to avoid heights, hazardous machinery, temperature and humidity extremes due to her fibromyalgia and must avoid dust smoke, fumes, and like substances due to her emphysema. (Tr. 325).

2

**etc., on the requirements of the work as generally performed in the economy**.
(1982 WL 31386, *3) (S.S.A)) (emphasis added).

At the hearing, the ALJ specifically asked Ms. Falkenstein questions about the demands of her job. For example, the ALJ asked what type of work she did and where she worked. (Tr. 691). Ms. Falkenstein also completed forms detailing the type of work she performed, how much lifting was required and what her duties included. (Tr. 78-79). Ms. Falkenstein argues that the ALJ's reliance on the VE testimony and the Dictionary of Occupational Titles ("DOT") job title of "cashier" was improper because the VE testified that Claimant could not perform her PRW because her job did not have a sit stand option. I am not persuaded by this argument because the VE clarified that there are cashier jobs which allow for a sit/stand option and ALJ specifically found that Claimant could perform this job "as it is generally performed in the national economy." (Tr. 331, 699).

Under the fourth step of the disability inquiry, a claimant will be found not disabled if she is capable of performing her past relevant work either as she performed it in the past, **or as it is generally required by employers in the national economy**. *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995) (emphasis added), *citing* SSR 82-61(1982 WL 31387 **2(S.S.A))(if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be not disabled).

In this case the relevant discussion between the ALJ and the VE was:
 VE: …the light work she did as a cashier, that particular job, that particular work that she did was not with a sit stand option. Now there are cashiering positions that do have that—

 ALJ: How is a cashier job generally or routinely done in the national economy?

 VE: Generally it's described in the DOT as light in exertion. There are cafeteria –- I mean there are cashier positions that do have the flexibility to sit/stand. There's some positions such as a parking garage or in a

>   cafeteria, a dining room. There are cashiering positions in some of the booths where people purchase gas that do have that sit/stand option and even sometimes even in an office situation they do have that sit/stand option.
>
>   ALJ: Can you give me some of those jobs?
>
>   VE: Yes I would indicate in the region it will be approximately 800 jobs and in the nation economy, there would be approximately 450,000. I'm describing the region as within the Salisbury area and looking at the sit/stand option and how these jobs inside the cashiering position are actually performed.
>   (Tr. 700).

In sum, I find the ALJ's discussion and his subsequent findings regarding Ms. Falkenstein's PRW are consistent with the VE's testimony and in accordance with the applicable rulings the ALJ's finding that she could perform work as it is generally performed in the national economy was appropriate and is supported by substantial evidence.

   Thus, for the reasons given, this Court **DENIES** Ms. Falkenstein's Motion and **GRANTS** the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

                              Sincerely,


                               /s/
                              Paul W. Grimm
                              United States Magistrate Judge